**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

RYAN AMELIA,  )
No. 21711-040,  )
　　　　　　　　　　)
Petitioner,  )
　　　　　　　　　　)
　　vs.  )　　Case No. 19-cv-815-SMY
　　　　　　　　　　)
WARDEN,  )
　　　　　　　　　　)
Respondent.  )

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Petitioner Ryan Amelia, a federal prisoner currently incarcerated at the FCI-Greenville, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the constitutionality of his confinement. He contends that in light of *Rehaif v. United States*, __ U.S. __, 139 S. Ct. 2191 (June 21, 2019), his conviction and sentence for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2) should be vacated. (Doc. 1, p. 8).

This case is now before the Court for a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts.[1] Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Petitioner was convicted upon a plea of guilty in the Western District of Michigan and sentenced on December 20, 2017 (Case No. 17-cr-00122). (Doc. 1, pp. 1 and 6). His sentence was affirmed on appeal. *United States v. Amelia*, Case No. 18-1014. (Doc. 1, p. 2). Petitioner

---

[1] Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

claims that in his case, the Government failed to prove that he had knowledge of his convicted felon status when he possessed the firearm.

In *Rehaif*, the Supreme Court held:

> [I]n a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm. We express no view, however, about what precisely the Government must prove to establish a defendant's knowledge of status in respect to other § 922(g) provisions not at issue here.

*Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019) (defendant's conviction for illegal possession of firearm and ammunition was based on his status of being illegally or unlawfully in the United States; reversing/remanding because the Government had not been required to prove at trial that defendant knew he was unlawfully in the country). Given the limited record and the still-developing application of *Rehaif*, it is not plainly apparent that Petitioner is not entitled to habeas relief. Without commenting on the merits of Petitioner's claims, the Court concludes that the Petition survives preliminary review under Rule 4 and Rule 1(b) of the Rules Governing Section 2254 Cases in United States District Courts, and a response shall be ordered.

Plaintiff has identified the "Warden" as Respondent. The proper Respondent is T.G. Werlich, the Warden at Greenville. The Clerk is **DIRECTED** to **CORRECT** the Respondent's name on the docket.

**Disposition**

**IT IS HEREBY ORDERED** that Respondent shall answer or otherwise plead within thirty days of the date this order is entered (**December 18, 2019**).[2] This preliminary order to respond does not, of course, preclude the Government from raising any objection or defense it may

---

[2] The response date ordered herein is controlling. Any date that CM/ECF should generate in the course of this litigation is a guideline only. *See* SDIL-EFR 3.

2

wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and the Respondent) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**Dated: 11/18/2019**

*/s/ Staci M. Yandle*
**United States District Judge**