# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RYAN G. AMELIA, # 21711-040,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| vs. ) | Case No. 19-cv-815-RJD[1] |
| ) | |
| **T.G. WERLICH,** ) | |
| ) | |
| **Respondent.** ) | |

## MEMORANDUM AND ORDER

**DALY, Magistrate Judge:**

This matter is before the Court on Respondent's Motion to Dismiss the Habeas Corpus Petition, filed on January 10, 2020. (Doc. 16). On January 16, 2020, the Court ordered Petitioner Amelia to file any response he wished to make to the motion by February 18, 2020. (Doc. 18). Amelia was notified in that order that if he did not respond by February 18, the Court would grant the motion and would dismiss the action without prejudice. More than two weeks have elapsed since that response deadline, and the Court has received no further communication from Amelia. This matter is therefore ripe for dismissal.

Amelia's claim for relief was based on the Supreme Court's recent opinion in *Rehaif v. United States*, 588 U.S. \_\_, 139 S. Ct. 2191 (June 21, 2019). (Doc. 1). Amelia was convicted and sentenced following a guilty plea in the Western District of Michigan, *United States v. Amelia*, Case No. 17-cr-122 (W.D. Mich.). At the time the Motion to Dismiss was filed, Respondent represented to the Court that Amelia had never filed a motion under 28 U.S.C. § 2255 in the sentencing court. (Doc. 16, pp. 2-3). Further, Respondent conceded that the new

---

[1] This case was assigned to the undersigned for final disposition upon consent of the parties pursuant to 28 U.S.C. § 636(c). *See* Doc. 11.

rule announced in *Rehaif* is retroactively applicable on collateral review in proceedings brought under 28 U.S.C. § 2255, pursuant to a directive from the Department of Justice.[2] (Doc. 16, pp. 4-5); *see* 28 U.S.C. § 2255(f)(3). As such, Amelia may seek relief on his *Rehaif* claim in the Western District of Michigan. Because that avenue is open to him, he cannot satisfy the threshold requirement to bring a § 2241 action under the "savings clause" of § 2255(e), namely, a showing that the § 2255 procedure is inadequate or ineffective to challenge his detention. (See Doc. 18, p. 2). Notably, the online docket of the Western District of Michigan reflects that Amelia filed a *pro se* § 2255 motion on March 6, 2020. *Amelia v. U.S.*, No. 20-cv-200 (W.D. Mich.).[3]

For the foregoing reasons, Respondent's Motion to Dismiss (Doc. 16) is **GRANTED** insofar as this action is **DISMISSED WITHOUT PREJUDICE**. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

If Petitioner wishes to appeal the dismissal of this action, his notice of appeal must be filed with this Court within 60 days of the entry of judgment. FED. R. APP. P. 4(a)(1)(B). A motion for leave to appeal *in forma pauperis* ("IFP") must set forth the issues Petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-

---

[2] Respondent does not concede that Amelia's *Rehaif* claim has merit, only that he is not barred from pursuing his claim in the court where he was convicted. (Doc. 16, p. 8).

[3] The Court reviewed the Public Access to Court Electronic Records ("PACER") website (www.pacer.gov) for this information (last visited March 9, 2020). *See Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) (a court may judicially notice public records available on government websites) (collecting cases).

2

59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal.

**IT IS SO ORDERED.**

**DATED: March 10, 2020**

*s/ Reona J. Daly*
**REONA J. DALY**
**UNITED STATES MAGISTRATE JUDGE**